RONALD LEWIS, ET AL.
v.
OFFICE OF MENTAL HEALTH, DEPT. OF HEALTH & HOSPITALS.
No. 2007 CA 1533.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
DANIEL E. BROUSSARD, Jr., Attorney for Plaintiffs-Appellants, Ronald Lewis, et al.
WILLIAM F. COCO, Attorney for Defendant-Appellee, Department of Health & Hospitals.
ROBERT R. BOLAND, Jr., Attorney for Defendant-Appellee, Anne S. Soileau, Director, Dept. of State Civil Service.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
The appellants appeal a State Civil Service Commission (SCSC) referee's ruling (which became the final decision of the SCSC) summarily dismissing as untimely their appeal for additional premium pay allegedly owed to them for overtime hours worked due to Hurricane Katrina. We affirm in accordance with Uniform Court of Appeal Rule 2-16.1(B).
The appellants, Ronald Lewis, Sharon E. Allen, Cassandra Boyd, Wanda Piper, Michael A. Prier, Dorothy A. Mitchell, Janice Holmes-Roberts, Angela J. Ward, Diana G. Price, Annie Cannon, Brenda Roberson, Mary Dunn, and Nellie Parker are employees of the Department of Health and Hospitals (DHH), Office of Mental Health (OMH) at Central Louisiana State Hospital (CLSH) and serve with permanent status. During the time period from August 25, 2005 to October 31, 2005, the appellants worked overtime at CLSH with evacuees affected by Hurricane Katrina.[1]
On September 16, 2005, the Department of State Civil Service issued a memorandum, General Circular No. 001622, which authorized state agencies to pay flexible Special Pay per Rule 6.16(a) in any amount up to $15.00 per hour for any classified employee performing work related to Hurricane Katrina. The memorandum also provided that such Special Pay was subject to the discretion of the agency. According to a memorandum dated September 26, 2005, DHH, OMH exercised its discretion and implemented, among other things, premium pay in the amount of $15.00 per hour for all overtime hours worked by classified employees at "Open Facilities" that received evacuated patients for the time period of August 26, 2005 through October 31, 2005.[2] On October 25, 2005, DHH, OMIT issued a corrected memorandum that did not contain a provision concerning premium pay for overtime hours worked by classified employees at "Open Facilities" that received evacuated patients.
The appellants contend that since they worked overtime at CLSH during the time period of August 26, 2005 through October 31, 2005 due to Hurricane Katrina, they were entitled to be paid the additional $15.00 per hour for that overtime. Therefore, by letter dated and postmarked January 25, 2007, the appellants filed an appeal with the SCSC concerning their entitlement to premium pay. According to the appellants' appeal, "[i]n a meeting on July 7, 2006 with the appointing authority, their claims for this premium pay for any overtime hours worked during the [August 26, 2005 through October 31, 2005 time] period was denied."
The referee assigned to the matter directed the parties to explain, in writing, why the appeal should not be summarily dismissed as untimely. Thereafter, the referee found the appeal untimely under Civil Service Rule 13.12(a)(2) and dismissed the appeal. The appellants applied to the SCSC for review of the referee's ruling. The SCSC denied the request for review. After the denial of the request for review, the referee's decision became the final decision of the SCSC. It is from this decision that the appellants have appealed.
On appeal, the appellants assert that the referee's conclusion that the appellants had actual knowledge after the July 7, 2006 meeting that DHH had denied their request for premium pay was erroneous because: (1) there is no evidence in the record that the appellants had "actual knowledge" of the denial of their request for premium pay on July 7, 2006, and (2) there is no evidence in the record that DHH "communicated" to the individual appellants at the meeting on July 7, 2006, that they would not receive premium pay for their overtime work due to Hurricane Katrina.
Civil Service Rule 13.12(a) provides:
No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
An appeal that has not been taken within the above prescribed period of delay may be summarily dismissed by the SCSC or a referee upon written request of any interest party, or on its own motion. See Civil Service Rule 13.14(a) and (d).
In this case, the parties do not dispute that the action of the appointing authority complained of in this appeal (i.e., the DHH's the denial of the appellants claim for premium pay for overtime work performed due to Hurricane Katrina) was not one for which written notice was required to be given. Thus, the appellants had to appeal within thirty calendar days after the date when they actually learned of or were aware of the action of DHH. See Civil Service Rule 13.12(a)(2).
The appellants contend that their appeal was timely under Butler v. Charity Hosp. of New Orleans, Dept. of Health and Human Resources, 442 So.2d 531, 535 (La. App. 1st Cir. 1983), which requires that an employee "appeal within 30 days of the date he receives actual knowledge of some adverse action by the appointing authority or of some violation of the Rules giving rise to an appeal, whether written notice is received or not required to be given at all." The appellants contend that they were not personally present at the July 7, 2006 meeting with the appointing authority (although their attorney was present), and that they did not learn that they were eligible to appeal the appointing authority's action until settlement negotiations in the matter entitled Allen v. Department of Health and Hospitals, Central Louisiana State Hospital, docket number 16006, had commenced and were finalized on December 29, 2006. And therefore, the appellants argue that their appeal filed on January 25, 2007 (within thirty days of that date) was timely.
According to the referee's written ruling, the referee found that the appellants specifically alleged in their appeal that in a meeting on July 7, 2006, with the appointing authority, their claims for the premium pay for overtime hours worked was denied. The referee, therefore, determined that it was on that date that the appellants' appeal delays began since that was the date the appellants first had actual knowledge of DHH's decision. Furthermore, the referee specifically rejected the appellants' argument that the conclusion of settlement negotiations in another parties' appeal extended their appeal deadlines and that regardless of the outcome of the other appeal, the appellants had actual knowledge after the meeting on July 7, 2006, that DHH was denying their request. The referee then noted that that the appellants had thirty calendar days after July 7, 2006, within which to file their appeal (or until August 7, 2006), and that they failed to do so. Therefore, the referee dismissed their appeal dated January 25, 2007 as untimely.
After a thorough review of the record, we find no error in the referee's ruling, and therefore, we hereby affirm the State Civil Service Commission's final decision in this matter.
All costs of this appeal are assessed to the appellants.
AFFIRMED.
NOTES
[1] CLSH employees that worked overtime at CLSH due to Hurricane Katrina were compensated for their overtime hours in accordance with the provisions of labor law.
[2] CLSH was an open facility that received evacuated patients due to Hurricane Katrina during the time period of August 26, 2005 through October 25, 2005.